UNITED STATES of America,
Plaintiff,

v.

Radcliffe BROWN, Defendant.

No. 03 CR 1255.

United States District Court,
S.D. New York.

Nov. 9, 2004.

Scott Marrah, U.S. Attorney Office Criminal Division, New York City, for Plaintiff.

Philip L. Weinstein, The Legal Aid Society, Federal Defender's Division,. New York City, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Defendant Radcliffe Brown ("Brown") was charged in a three-count indictment alleging possession with intent to distribute marijuana; that during and in relation to a drug trafficking crime, he knowingly carried a firearm, and in furtherance of such a crime possessed a firearm; and that, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, he knowingly possessed a firearm. Brown pleaded guilty to the first and third counts in the indictment on June 18, 2004. A bench trial on the remaining count was scheduled for November 9, 2004.

By letter to the Court dated November 8, 2004, defendant Radcliffe Brown requested rulings on certain motions *in limine* regarding the admissibility of the Government's proffered expert testimony, and Brown's prior criminal history and a statement that he made at the time of his arrest. Having reviewed the parties' submissions and oral arguments, the Court has decided the following.

As to the testimony of the Government's proffered expert, Investigator Ralat, the Court will permit the testimony subject to a determination that this evidence will assist the Court in deciding the issues before it. *See* Fed.R.Evid. 702. To facilitate this determination, the Government must provide the Court with a thorough statement of Investigator Ralat's expertise in the areas about which he is expected to testify, and regarding the specific topics that Investigator Ralat's testimony will address. This information can be elicited through Brown's voir dire of the witness, or through the Court's own questioning. Only with this additional information will the Court be able to assess whether or not Investigator Ralat's testimony will assist it in determining facts at issue, and the reliability of Investigator Ralat's testimony on those issues. *See* Fed.R.Evid. 702 & cmt.; *United States v. Santiago,* 199 F.Supp.2d 101, 110–12 (S.D.N.Y.2002) (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)); *see also United States v. Young,* 745 F.2d 733, 760–61 (2d Cir.1984) (holding that expert testimony may be elicited from law enforcement officers, even where they appear as fact witnesses in the case).

■ With respect to Brown's prior convictions, the Court finds that they are admissible in the Government's case-in-chief. Brown's criminal record of drug activity is probative as to his knowledge, motive or intent with respect to the facts at issue in this case, namely whether Brown possessed the firearm recovered from his waistband in furtherance of a drug transaction. *See* Fed.R.Evid. 404(b); *United States v. Inserra,* 34 F.3d 83, 89 (2d Cir. 1994). The probative value of this evidence outweighs any prejudicial effect that it might have on the Court, particularly given that the Court is not as susceptible as a jury might be to confusing the limited purpose for which such evidence is admitted. *See, e.g., Verizon Directories Corp. v. Yellow Book USA, Inc.,* 331 F.Supp.2d 136, 142 (E.D.N.Y.2004). Finally, the Government may present this evidence in its case-in-chief, as Brown has stated in his preliminary letter to the Court that he intends to defend his case primarily through contesting the Government's allegations regarding his motive and intent for possessing the firearm. The Court should not have to wait until the Government's rebuttal case to hear relevant evidence as to Brown's stated defense. *See United States v. Zackson,* 12 F.3d 1178, 1182–83 (2d Cir. 1993) (allowing defendant's prior criminal activity to be presented as a part of the Government's case-in-chief under Rule 404(b) where defendant's defense was apparent from the outset of trial).

■ Finally, Brown's statements to police officers at the time of his arrest are admissible non-hearsay under Federal Rule of Evidence 801(d)(2)(A). *See United States v. Russo,* 302 F.3d 37, 43 (2d Cir. 2002). Other than exculpatory evidence, the Government is not required by Federal Rule of Criminal Procedure 16 to provide a defendant with advance notice of any statements that it intends to offer into evidence, unless the defendant made a request for such information. As there is no indication in the record that the defendant made such a request in this case, the

**360**

Court finds that Brown's statements would be admissible.

**SO ORDERED.**